In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2005

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH RAY JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 3:02-cr-50056-1—**Philip G. Reinhard**, *Judge.*

ARGUED MARCH 3, 2009—DECIDED SEPTEMBER 2, 2009

Before BAUER, KANNE and WOOD, *Circuit Judges.*

PER CURIAM. Kenneth Johnson, who was convicted in 2003 of distributing crack, moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission retroactively reduced the offense levels for some crack offenses. The district court concluded that he was eligible for a 15-month reduction, but announced that it was inclined to grant only a 3-month reduction because of his extensive criminal history. At

that juncture, however, the court *sua sponte* appointed counsel, who argued for a greater reduction. The court considered counsel's argument but was not persuaded that a reduction beyond 3 months was appropriate. On appeal, Johnson argues that the district court abused its discretion because, he insists, the court (1) should have appointed counsel before making any decision on his motion, and (2) did not adequately weigh his purportedly exemplary prison conduct. We affirm the court's ruling.

Johnson and another individual sold crack to undercover agents in June 2002, and Johnson made an additional sale in July 2002. In December 2002, Johnson pleaded guilty to one count of distribution. *See* 21 U.S.C. § 841(a)(1). That count involved at least 50 grams of crack and could have triggered a statutory minimum of 20 years since Johnson already had a felony drug conviction, but as part of the plea agreement, the government elected not to file an enhancement information under 21 U.S.C. § 851. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 851. But even without the prior-conviction enhancement, Johnson faced a statutory minimum of 10 years' imprisonment. *Id.* § 841(b)(1)(A)(viii). The district court, applying the 2002 edition of the sentencing Guidelines, assigned Johnson a base offense level of 32, *see* U.S.S.G. § 2D1.1(a)(3), (c)(4), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1, which yielded a total offense level of 29. The court assigned Johnson a total of 11 criminal history points, and thus a criminal history category of V, for convictions that included unlawful use of a weapon by a felon, driving with a suspended license, attempted

obstruction of justice, operating an uninsured vehicle, possessing marijuana, and driving under the influence. The probation officer had also reported numerous other driving, theft, and drug convictions for which Johnson did not receive criminal history points. Johnson's imprisonment range was 140 to 175 months, but the government moved under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for a sentence at 75% of either the statutory minimum or the low end of the Guidelines range, whichever was greater, because Johnson had provided substantial assistance in other investigations. At sentencing in July 2003, the district court accepted the plea agreement and imposed a term of 105 months—75% of 140 months.

In late 2007, the Sentencing Commission reduced the base offense level for most crack offenses by two levels, *see* U.S.S.G. Supp. to App. C, pp. 226-31 (2007) (Amendment 706), and in early 2008 that amendment was made retroactive, U.S.S.G. Supp. to App. C, p. 253 (2008) (Amendment 713). In light of this change, Johnson filed a pro se motion for a sentence reduction under § 3582(c)(2). He did not ask that counsel be appointed, but he did request that the district court take into account his lack of legal knowledge. The government responded that the retroactive amendment had reduced Johnson's Guidelines range to 120 to 150 months' imprisonment, and that it would be appropriate for the court to reduce his sentence to 90 months, a term equal to 75% of both the statutory minimum and the low end of the revised range. But the district court granted Johnson only a 3-month reduction, to 102 months. The court explained that it had reviewed Johnson's original presentence report, his prison progress

report, and a follow-up report from the probation office and concluded that he did not deserve a reduction to 75% of his new Guidelines range because his extensive criminal history and repeated serious driving offenses showed that he posed a risk to the community. The court also noted that it did not "contemplate any further reduction" when it granted the government's motion for a reduction at Johnson's original sentencing. Finally, the court directed the public defender's office to notify Johnson about the ruling and, if Johnson wished, file an objection on his behalf.

Johnson, through counsel, did object and also asked the district court to formally appoint the public defender's office to "assist him in the presentation of his motion for relief." The court then appointed counsel who filed a written submission arguing that Johnson deserved a greater sentence reduction because, among other things, he had completed numerous prison courses designed to prepare him for release and to address his narcotics addictions, he had been commended for working as a truck driver for the Bureau of Prisons, and he had been transferred to a less-secure prison. The court reviewed this submission, but then issued a second order announcing that it would not further reduce Johnson's sentence for the reasons articulated in its previous ruling.

On appeal, Johnson first contends that the district court abused its discretion by appointing counsel only after initially deciding that he would receive a 3-month reduction. Johnson contends that after *United States v.*

*Booker,* 543 U.S. 220 (2005), district courts make fact-specific conclusions when addressing § 3582(c)(2) motions, and thus he needed counsel's assistance to effectively present information regarding his criminal history and his progress in prison. Johnson adds that the appointment of counsel after the initial order did not rectify this purported error because by that time, Johnson insists, the court already had decided not to further reduce his sentence.

A motion under § 3582(c)(2) does not trigger the procedural protections that would apply at a sentencing hearing. *United States v. Young*, 555 F.3d 611, 614-15 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). There is no right to counsel in a § 3582(c)(2) proceeding, and the decision whether to appoint counsel is left to the district court's discretion. *United States v. Forman,* 553 F.3d 585, 590 (7th Cir. 2009); *Tidwell,* 178 F.3d at 949. In this case, Johnson did not even *ask* that counsel be appointed when he filed his pro so motion, so it is difficult to see how the district court could possibly have abused its discretion in not making an appointment before delivering its preliminary ruling. Regardless, by *sua sponte* involving the public defender's office after announcing its preliminary decision, the court rectified any disadvantage to Johnson. The court had already reviewed the original and updated reports form the probation office and assessed Johnson's progress in prison, and with that information had concluded that Johnson should receive only a 3-month reduction. Then, after affording Johnson an opportunity, through counsel, to make arguments regarding that information and intro-

duce new information, the court determined that the same 3-month reduction was appropriate. The court's decision to afford Johnson an opportunity to argue that he deserved a still-larger reduction undermines his argument that the court's first order was irrevocable. And because counsel presented that argument, Johnson wound up receiving all of the benefits of representation, even though the court did not appoint counsel prior to the first order. There was no abuse of discretion.

As to the merits, Johnson argues that the district court abused its discretion by subtracting only 3 months from his sentence, instead of decreasing it to 90 months. As Johnson explains his argument, he contends that the court (1) failed to "preserve the bargain" he struck with the government in his plea agreement for his cooperation, and (2) gave short shrift to the factors under 18 U.S.C. § 3553(a) by not mentioning his exemplary conduct in prison or explaining why the threat he posed to the public outweighed his good behavior.

A district court's decision to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *See Tidwell*, 178 F.3d at 949; *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008). For a movant like Johnson, who received a below-Guidelines sentence before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), the ratio of the revised prison term to the low end of the new Guidelines range may be made to equal the corresponding ratio from the original sentencing. *See* U.S.S.G. § 1B1.10(b)(2)(B) (2008). But the district court is not bound by that ratio; instead, the

court must determine the extent of the reduction, if any, by considering the factors listed in 18 U.S.C. § 3553(a), the movant's conduct while imprisoned, and the risk his early release would pose to public safety. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(B) & cmt. n.1(B)(ii), (B)(iii); *Young*, 555 F.3d at 614; *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008). Thus, the district court was not required to reduce Johnson's sentence to 75% of his new Guidelines range because § 3582(c)(2) leaves the extent of the reduction within the court's discretion. *See Young*, 555 F.3d at 614.

And in this case the district court satisfactorily exercised that discretion. The court concluded, after reviewing Johnson's presentence report and his prison record, that he deserved no more than a 3-month reduction to 102 months' imprisonment because his extensive criminal history and repeated serious driving offenses showed that he posed a risk to the community. Then, after appointing counsel, the court rejected, for the same reasons, Johnson's argument that his exemplary prison conduct warranted a greater reduction. The court was not required to explain at length why Johnson's prison record didn't warrant a greater reduction; what is necessary is simply a statement of reasons that is consistent with § 3553(a) and not one that analyzes the relationship between each factor. *See United States v. Harris*, 490 F.3d 589, 597 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). And regardless whether the government thought that Johnson should receive the entire reduction to which he was eligible, the district court was not obligated to accept the govern-

ment's recommendation. *See Young*, 555 F.3d at 614; *United States v. Marty*, 450 F.3d 687, 691 (7th Cir. 2006); *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005).

We AFFIRM the judgment of the district court.