In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1283

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY PURNELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 471—**Elaine E. Bucklo**, *Judge.*

ARGUED SEPTEMBER 25, 2012—DECIDED DECEMBER 3, 2012

Before KANNE, TINDER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Appellant Larry Purnell sought a reduction in his sentence for crack cocaine distribution in light of the retroactive 2011 reductions to the sentencing guideline ranges for crack-related offenses. See 18 U.S.C. § 3582(c)(2). The district court denied relief. The court concluded that Purnell's original sentence remained within the revised guideline range and that his post-conviction conduct — most

notably statements he made under oath that directly contradicted what he had said under oath in his guilty plea colloquy and in his plea agreement — weighed against granting this discretionary relief. Purnell appeals, arguing that the district court abused its discretion by holding his post-sentencing legal challenges to his convictions against him. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm. Although as a general matter, a district court may not hold against a prisoner his resort to the courts, we see no abuse of discretion where the district court deciding a request for a reduced sentence takes into account a defendant's false statements to the court.

I. *Factual and Procedural Background*

On September 24, 2007, Larry Purnell pled guilty to distributing crack cocaine in excess of five grams, 21 U.S.C. § 841(a)(1), and to knowingly carrying or using a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The charges arose out of three transactions over a two-week period in which Purnell sold crack cocaine to an undercover agent in amounts ranging from 27 to 61 grams. During one of these transactions, Purnell revealed a .45 caliber pistol and told the agent that he could use the gun to "shoot someone through the door" of the house. These facts were presented to the district court in Purnell's written plea agreement. During his oral plea colloquy, Purnell stated affirmatively under oath that they were true.

Purnell received several valuable concessions from the government in exchange for pleading guilty. As someone with a prior drug distribution felony, he was facing a mandatory minimum sentence of 20 years for distributing more than 50 grams of crack cocaine. His ultimate sentence for the crack cocaine, though, was only 78 months. Under the plea agreement, the government dismissed two charges for distributing more than 50 grams, which carried ten-year mandatory minimum sentences. The government also agreed not to seek the prior offender sentence enhancement under 21 U.S.C. § 851(a)(1)(A). That enhancement would have meant a mandatory minimum sentence of ten years for the remaining charge for distributing more than five grams of crack and would have doubled the mandatory minimum sentence for the dismissed offenses to 20 years. Finally, the government agreed to move for a three-level reduction in Purnell's guideline offense level for his acceptance of responsibility for his actions. See U.S.S.G. § 3E.1.1(a), (b). In turn Purnell not only pled guilty but also waived his right to appeal or collaterally attack his sentence, except on the grounds that the waiver was involuntary or defective for ineffective assistance of counsel.

The result was a guideline range of 78 to 97 months in prison for the crack offense. The district court accepted the plea and the government's recommendation on acceptance of responsibility, and sentenced Purnell to 78 months for the crack offense. Without the acceptance of responsibility reduction, Purnell would have faced

a guideline range of 108 to 135 months on the crack offense alone.[1]

Several months after being sentenced, Purnell had a change of heart. In a series of motions before the district court, Purnell attacked his sentence for the gun conviction. Styled as attacks on the voluntariness of the plea agreement and the effectiveness of counsel, Purnell argued that he could not have violated section 924(c)(1)(A) because the gun in question was only a BB gun, albeit a realistic-looking one.[2] This claim was in direct conflict with the account of the gun provided in his plea agreement, but Purnell alleged that the government agent lied about observing a real gun during the transaction and that the agent produced a gun trace report based on a made-up serial number. He further claimed that his attorney recovered the gun in question from Purnell's house and submitted photographs that proved it was a BB gun. Purnell contended that because his lawyer knew all of this information and still encour-

---

[1] Purnell was also sentenced to a consecutive term of 60 months for the gun charge, the mandatory minimum sentence. While he has challenged his sentence for the gun offense on other occasions, it cannot be affected by his petition under 18 U.S.C. § 3582(c)(2) for relief from the crack cocaine sentence.

[2] This distinction matters because a firearm is defined for these purposes as a weapon that is "designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(3)(A). An air-powered BB gun is not a firearm, no matter what it looks like.

aged him to plead guilty, his plea was involuntary, his counsel was ineffective, and his gun conviction was invalid. All of these challenges have been rejected as unfounded or procedurally barred. See, *e.g.*, *United States v. Purnell*, 635 F. Supp. 2d 824 (N.D. Ill. 2009) (denying section 2255 motion challenging gun conviction as unfounded); *United States v. Purnell*, No. 09-3127 (7th Cir. Mar. 16, 2010) (denying request for certificate of appealability); *United States v. Purnell*, No. 06 CR 471-1 (N.D. Ill. Nov. 21, 2011) (denying additional motion to set aside sentence), affirmed, *United States v. Purnell*, No. 11-3737, 2012 WL 4378267 (7th Cir. Sept. 26, 2012) (motion labeled as a section 3582(c)(2) motion challenging gun sentence should be construed as a section 2255 motion barred as a second or successive motion).

In 2011, the Sentencing Commission reduced the guideline offense levels for crack cocaine offenses to comply with the Fair Sentencing Act of 2010. The Commission also exercised its power under 28 U.S.C. § 994(u), 18 U.S.C. § 3582(c)(2), and U.S.S.G. § 1B1.10 to provide that its 2011 crack cocaine guideline reductions should apply retroactively. If the 2011 Guidelines had been in effect when Purnell was sentenced, his recommended guideline range would have been 63 to 78 months for the crack offense instead of the 78 to 97 month range applied to him.

Following the 2011 amendments, Purnell moved the district court for a sentence reduction under 18 U.S.C. § 3582(c)(2), which permits a district court to reduce a sentence in light of a retroactive guideline reduc-

tion. The district court denied the motion, stating that the 78-month sentence remained within the reduced guideline range and that Purnell's false statements in contesting his firearm conviction weighed against granting this discretionary relief. This appeal followed.

II. *Analysis*

We review a district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Davis*, 682 F.3d 596, 609 (7th Cir. 2012). An abuse of discretion occurs when a district court "resolves a matter in a way that no reasonable jurist would, or when its decision strikes us as fundamentally wrong, arbitrary or fanciful." *United States v. Paul*, 542 F.3d 596, 599 (7th Cir. 2008). The issue is not whether we would reach the same decision as the district court but whether the district court's reasoning process and result were within broad bounds of reasonableness. See *Davis*, 682 F.3d at 609.

Section 3582(c)(2) provides a district court with discretion to reduce an imposed term of imprisonment when a defendant was sentenced based on a guideline sentencing range that was later lowered by the Sentencing Commission with a policy statement giving retroactive effect to the reduction. See *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010). Purnell's sentence was based on such a guideline range that was reduced with retroactive effect. In any individual case, however, such a reduction is discretionary. The statute provides that a court "*may* reduce the term of imprisonment, after con-

sidering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

Section 3553(a) and the applicable policy statement permit the court to consider a variety of factors when hearing such motions. Section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1), (2), (6). The Sentencing Commission teaches that a court shall consider "the nature and seriousness of the danger to any person or the community" posed by the defendant, and that the court "may consider post-sentencing conduct of the defendant." See U.S.S.G. § 1B1.10, App. Note 1(B). A court deciding a motion for a sentence reduction is not required to address every section 3553(a) factor. All that "is necessary is simply a statement of reasons that is consistent with § 3553(a) and not one that analyzes the relationship between each factor." *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

Purnell argues that the district court erred in failing to address each section 3553(a) factor presented, but such an explanation is not required when deciding a

section 3582(c)(2) motion. We do not require the district court to analyze each section 3553(a) factor, nor do we require the district court to provide a detailed explanation of its reasoning. The court is required only to articulate the basis for its decision clearly enough for this court to determine whether the decision is reasonable. *United States v. Marion*, 590 F.3d 475, 477-78 (7th Cir. 2009).

Here, the district court's decision complied with these requirements. In the docket entry denying the motion, the court concluded, "after considering the factors under 18 U.S.C. § 3553(a), in particular his post-sentencing conduct, that [Purnell] should not be given a reduction." The court then detailed the specific instances of false statements Purnell had made to the court that constituted the troublesome post-sentencing conduct — conduct that also speaks to the defendant's "history and characteristics," one of the section 3553(a) factors. The judge also noted that the sentence remained within the recommended sentence range under the amended guidelines. These considerations are all "consistent with § 3553(a)," and the court was not required to do more. See *Johnson*, 580 F.3d at 570.

The record supports the district court's decision. Purnell's post-conviction filings were in direct conflict with his statements in the plea colloquy and the plea agreement, an agreement under which he received substantial benefits. In the plea agreement he admitted that he possessed a .45 caliber pistol; in his post-conviction filings he claimed it was only a BB gun. We may reject

out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing. See *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005); *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) ("A defendant has no legal entitlement to benefit by contradicting himself under oath."). The district court did not err in concluding that Purnell repeatedly made false statements to the court following his conviction, and it was reasonable to conclude that this post-conviction conduct weighed against a sentence reduction.

Purnell also argues that the district court erred by basing its decision on post-conviction conduct instead of the section 3553(a) factors. He believes this is problematic because post-conviction conduct is a discretionary consideration while section 3582(c)(2) and Application Note 1(B) to U.S.S.G. § 1B1.10 require consideration of the section 3553(a) factors. While we have already noted that the post-conviction conduct in question also speaks to the "history and characteristics" factor under section 3553(a), Purnell's argument is also legally flawed and would require far more of district courts than we have in the past.

The argument is flawed for two reasons. First, section 3582(c)(2) directs the court to consider the section 3553(a) factors only "to the extent that they are applicable." The court is not required to consider every section 3553(a) factor; the court is required to consider only the factors that apply in a particular case. Second, the fact that post-sentencing conduct is a permissible consideration

rather than a mandatory one does not mean that it is a less favored consideration. There are cases where some section 3553(a) factors point toward a sentence reduction but the defendant's post-conviction conduct, such as frequent misconduct in prison, suggests that a reduction is not warranted. See *United States v. Young*, 555 F.3d 611 (7th Cir. 2009) (affirming denial of relief under section 3582(c)(2) based on prison discipline problems). Application Note 1(B) to U.S.S.G. § 1B1.10 makes clear that such post-conviction conduct is a permissible basis for denying a sentence reduction. The district court did not err by basing its decision primarily on this defendant's later conduct.

Our decision today should not be read as endorsing denials of section 3582(c)(2) motions based solely on vexatious litigation or post-conviction filings that skirt or challenge the appellate and section 2255 waivers in plea bargains. The repeated filing of frivolous motions is undoubtedly aggravating for judges with busy dockets. Frustration in the face of repeated post-conviction filings is understandable, but it is not a consideration contemplated by section 3582(c)(2) or the Sentencing Commission. Federal courts recognize that prison officials may not retaliate against a prisoner for filing lawsuits against those officials. See, *e.g., Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (reversing dismissal); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) (reversing grant of qualified immunity; prisoner's right to be free from retaliation for exercising rights to challenge conditions of confinement was clearly established). It would not be appropriate or permissible for federal

courts to retaliate for similar reasons. While there is language in the district court's decision that expresses understandable frustration with Purnell's litigation, we think it is clear that the district court did not base its denial of the section 3582(c)(2) motion on annoyance with his post-conviction filings. Rather, the district court concluded that Purnell made repeated false statements to the court and that this post-conviction conduct was contrary to the award of a discretionary sentence reduction.

Because Purnell's sentence remains within the amended guideline range, and because the district court's consideration of Purnell's repeated false statements was reasonable under section 3582(c)(2), the district court's denial of a sentence reduction is AFFIRMED.