NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 15, 2013
Decided July 22, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1469

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District |
| | of Illinois, Western Division. |
| *v.* | |
| | No. 97 CR 50026-8 |
| DESMOND CAVENDER, | |
| *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

In this appeal, Desmond Cavander asks us to review the revised sentence he has received for his 1998 conviction (after a guilty plea) on one count of conspiracy to distribute crack cocaine. The guideline range at the time was 292 to 365 months, and Cavander received a sentence of 312 months' imprisonment. In March 2008, he filed a motion for reduction of

sentence pursuant to 18 U.S.C. § 3582(c)(2), citing recent amendments to the guidelines that reduced his recommended sentence range to 235 to 293 months. Noting that Section 3582(c)(2) authorizes, but does not require, a reduction of sentence under such circumstances, the district court denied that motion. The court emphasized that Cavander had not been a model prisoner: Bureau of Prisons records reflected "approximately 31 incidents of disciplinary actions, [including a] 2004 incident of attempted murder and possession of a weapon." The court concluded that a reduction in sentence would pose an unwarranted danger to the public.

In May 2012 Cavander filed a second Section 3582(c)(2) motion, this time citing new amendments that further reduced his sentencing range. The new guideline range had fallen down to 188 to 235 months. Cavander was thus eligible for a 124-month reduction of his sentence. Nonetheless, the district court decided to grant a reduction of only 24 months, from 312 months to 288 months. Although this sentence is a shade below his original guidelines range and within the 2008 range, it is significantly above the second amended range. In explaining its decision, the court again cited Cavander's "consistent pattern of engaging in violations of prison rules while incarcerated, some involving possession of dangerous weapons, threats, and fighting, which when combined with his prior criminal record of violent offenses, establishes that he continues to be a risk of danger to the community." The court went on to note that Cavander had been involved in seven additional prison incidents since his previous Section 3582(c)(2) motion was denied in October 2008. This misbehavior, it observed, "reflect[s] his [continued] disrespect for authority." Accordingly, the court concluded that Cavander remained a threat to public safety and was entitled only to the more limited sentence reduction.

We review a district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Purnell*, 701 F.3d 1186, 1189 (7th Cir. 2012). Section 3582(c)(2) provides that a court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The Application Notes to the "applicable policy statements" instruct that "court[s] shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining . . . whether such a reduction is warranted[,] and . . . the extent of such reduction"; they also provide that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the term of imprisonment." U.S.S.G. § 1V1.10, App. Note 1(B); see also 18 U.S.C. § 3553(a)(2)(C) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to protect the public from further crimes of the defendant."). That is what the district court did here: it surveyed Cavander's extraordinarily bad record while in prison and determined that a greater reduction

of sentence would be inconsistent with the considerations listed in Section 3353(a) and the policy statements of the Sentencing Commission. Because the "district court's reasoning process and result were within broad bounds of reasonableness," we find no abuse of discretion. *Purnell*, 701 F.3d at 1189.

The judgment of the district court is **AFFIRMED**.