NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013[*]
Decided October 1, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1316

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| v. | No. 08-CR-30004-MJR |
| RONFREDRICK F. BOLING, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

## O R D E R

Ronfredrick Boling moved for a sentence reduction based on a retroactive amendment to the sentencing guidelines that lowered the base offense level for most crimes involving crack cocaine. *See* 18 U.S.C. § 3582(c)(2). The district court concluded that Boling's imprisonment range is lower because of the amendment but nevertheless declined to reduce his sentence. We affirm that decision.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Boling was convicted in 2008 of possessing and distributing crack. *See* 21 U.S.C. § 841(a)(1). Each of the three counts involved less than five grams. Boling's total offense level of 22 and criminal history category of VI yielded a guidelines imprisonment range of 84 to 105 months, but the district court sentenced him to 180 months. As grounds for the increase the court noted that Boling was a significant drug dealer, he already had multiple drug convictions, he refused to accept responsibility for his new crimes, and he had lied under oath repeatedly during his jury trial. On direct appeal we rejected Boling's contention that the district court's reasons for the above-range sentence were inadequate. *United States v. Boling*, 648 F.3d 474, 483 (7th Cir. 2011).

In 2010 the Sentencing Commission lowered the base offense level for most crack offenses, and in 2011 the Commission made those changes retroactive. *See* U.S.S.G. app. C, amends. 748, 750. As a result the upper end of Boling's imprisonment range dropped from 105 months to 71. In his motion Boling argued that his prison term should be reduced to 121 months because his existing sentence is 71% higher than the upper end of the original range and 121 would be an equivalent increase above the revised range. In denying Boling's motion the district judge noted that in twelve years on the bench he had not declined a request for a sentence reduction available under § 3582(c)(2). But in this instance, the judge explained, the original sentence is still the appropriate punishment. The judge summarized the reasons he had given at Boling's sentencing hearing and concluded that, even with the new, lower range, the lengthy sentence still was necessary.

On appeal Boling initially contends that the district court's explanation for declining to reduce his sentence is too "terse" to allow effective review. But when deciding whether to reduce a sentence, a district court need only provide some reasoning consistent with 18 U.S.C. § 3553(a). *See United States v. Davis*, 682 F.3d 596, 614 (7th Cir. 2012); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009). The court is not required to analyze every § 3553(a) factor or extensively explain its reasoning. *Davis*, 682 F.3d at 614; *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012). The explanation given by the district court suffices for us to review its exercise of discretion.

Still, says Boling, the district court should not have considered again his prior drug convictions and false testimony. Section 3582(c)(2) authorizes a district court to reduce a prison term if the Sentencing Commission has reduced the guidelines range, so long as the court considers pertinent factors listed in § 3553(a) and the reduction is consistent with relevant policy statements. *Purnell*, 701 F.3d at 1189–90; *United States v. Young*, 555 F.3d 611, 613–14 (7th Cir. 2009). Even when a reduced sentence is

authorized, however, the decision whether to lower the term is discretionary. *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010); *Purnell*, 701 F.3d at 1189–90. We concluded on direct appeal that the district court adequately justified Boling's sentence, *Boling*, 648 F.3d at 483, and the reasons given by the judge—including Boling's previous drug convictions and his lies at trial—are equally relevant when evaluating a motion under § 3582(c)(2). *See* 18 U.S.C. §§ 3553(a)(1), (a)(2), 3582(c)(2); *Purnell*, 701 F.3d at 1190; *Johnson*, 580 F.3d at 570. The court did not abuse its discretion by taking into account relevant information.

Boling's only other contention is that the district court abused its discretion by not taking into account his efforts at rehabilitation while in prison. On this question the court was silent, so we cannot tell if it gave any weight to Boling's conduct after sentencing. But even if the court did not, it was not required to do so. A judge ruling on a § 3582(c)(2) motion is permitted—not compelled—to consider a defendant's record in prison. *See* U.S.S.G. § 1B1.10, cmt. n. 1(B)(i–iii); *Purnell*, 701 F.3d at 1190; *Young*, 555 F.3d at 614; *Johnson*, 580 F.3d at 570.

AFFIRMED.