**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 22, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3020

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 05 CR 50082-7 |
| BOBBY L. HARRIS, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Bobby Harris appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the federal sentencing guidelines. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Harris pleaded guilty to one count of conspiring to distribute, and to possess with intent to distribute, more than 1 kilogram of heroin and more than 50 grams of cocaine base. 21 U.S.C. §§ 846, 841(a)(1). He also pleaded guilty to one count of possessing a firearm during a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). His guidelines range for the conspiracy charge was 140 to 175 months' imprisonment (based on a total offense level of 29 and a criminal history category of V). Harris also faced 84 consecutive months' imprisonment for the firearm charge. *See* 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4(b). After granting the government's motion for a 25% reduction based on Harris's substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, the court sentenced him to 105 months' imprisonment for the first count and 63 consecutive months for the second.

In 2014 Harris moved under § 3582(c)(2) to reduce his sentence under Amendment 782, which lowered by two levels the offense levels specified in the Drug Quantity Table. *See* U.S.S.G. § 1B1.10(d); Supp. to App. C, amend. 782 (2014). This reduction would have lowered the guideline range to 120 to 150 months. Harris and the government jointly requested that he be sentenced to a total of 153 months' imprisonment: 90 months for conspiracy (25% below 120 months—the bottom of the amended range) to run consecutively to the 63-month sentence for the firearm count. The district court, however, declined to reduce Harris's sentence. The court acknowledged that Harris was eligible for the reduction but determined, based on his criminal history and extensive prison disciplinary record, that he posed a "substantial risk to the community." Harris filed a pro se motion to reconsider, which the court denied.

On appeal Harris argues generally that the district court erred by denying him a reduction for which he qualified. But the court here did not abuse its discretion in making its ruling. In deciding whether a reduction is appropriate, a district court considers the applicable § 3553(a) sentencing factors, any threat to the public posed by early release, and the defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, cmt. n.1(B); *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012). The district court followed this dictate. It acknowledged Harris's positive educational and work history since imprisonment, but acted within its discretion in finding a reduction unwarranted based on his serious criminal history, *see* 18 U.S.C. § 3553(a)(1); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009), followed by his inability to conform his conduct to the prison's rules—his prison disciplinary record reflected several infractions, including making a sexual proposal or threat as recently as a few weeks before he sought the

reduced sentence, *see* U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); *Purnell*, 701 F.3d at 1191; *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009).

AFFIRMED.