In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 14-2442 & 14-2597

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH W. LEWIS,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Central District of Illinois.
No. 1:12-cr-10082-JES-JEH — **James E. Shadid**, *Chief Judge.*

ARGUED APRIL 11, 2016 — DECIDED APRIL 20, 2016

Before BAUER and WILLIAMS, *Circuit Judges,* and ADELMAN,[*]
*District Judge.*

BAUER, *Circuit Judge.* Defendant-appellant, Kenneth Lewis,
appeals his conviction and sentence for wire fraud and money

---

[*] Of the United States District Court for the Eastern District of Wisconsin,
sitting by designation.

laundering. The district court sentenced him to 151 months' imprisonment for the four-count wire fraud conviction, and 120 months for the eleven-count money laundering conviction. The district court ordered Lewis to serve the sentences consecutively.

Lewis represented himself at trial. He appeals *pro se* as well, raising sundry challenges to his conviction and sentence. We appointed an *amicus curiae* to argue on his behalf. The *amicus* focused on Lewis' challenges to the money laundering conviction and the severity of his sentence; it did not posit any argument regarding Lewis' wire fraud conviction.

After the parties filed their respective briefs, but prior to oral argument, the government conceded that it had not presented sufficient evidence that Lewis had in fact laundered money; there was no evidence that he had "engage[d] or attempt[ed] to engage in a monetary transaction using criminally derived property." 18 U.S.C. § 1957(a); *see United States v. McClellan*, 794 F.3d 743, 753 (7th Cir. 2015). Accordingly, the government agreed that we should vacate the money laundering conviction, and remand the case for resentencing only on the wire fraud conviction. Because the record is devoid of evidence that Lewis laundered money, we oblige. *See, e.g., United States v. Reed*, 744 F.3d 519, 527 (7th Cir. 2014) (appellate court will "overturn a verdict for insufficiency of the evidence … if … the record is devoid of evidence from which a rational trier of fact could find guilt beyond a reasonable doubt" (citations omitted)).

In response to the second argument of the *amicus*, we add that Lewis' litigation tactics cannot serve as a basis for his sentence. *See United States v. Purnell*, 701 F.3d 1186, 1191–92 (7th Cir. 2012). The record demonstrates that Lewis was an irritant during the trial process. But it "would not be appropriate or permissible" to lengthen his sentence because of such vexatiousness, particularly given his *pro se* status. *Id.* at 1191; *see also, e.g.*, *Edwards v. Cross*, 801 F.3d 869, 873 (7th Cir. 2015) (noting the leniency that courts afford *pro se* litigants). The district court's frustration, however understandable, cannot permeate sentencing. *See Purnell*, 701 F.3d at 1191.

We reject Lewis' remaining arguments as waived, underdeveloped, frivolous, or otherwise without merit. *See United States v. Morris*, 775 F.3d 882, 886–87 (7th Cir. 2015) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)) ("Arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence." (Brackets omitted)). Because Lewis has not presented a sustainable argument against his wire fraud conviction, we affirm it without further discussion.

Thus, we AFFIRM Lewis' conviction for wire fraud, VACATE his conviction for money laundering, and REMAND the case for resentencing consistent with this opinion.