**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 15, 2016*
Decided June 15, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 15-3344

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09CR30063-003-DRH |
| STEVEN H. MADDEN, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Steven Madden appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the federal sentencing guidelines. Because the district court did not abuse its discretion, we affirm the decision.

Madden pleaded guilty to one count of conspiring to manufacture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1). His guidelines imprisonment range for

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

the conspiracy charge was 84 to 105 months (based on a total offense level of 25 and a criminal history category of IV). The district court sentenced Madden to 96 months to be followed by a five-year term of supervised release.

Madden, through counsel, moved under § 3582(c)(2) to reduce his prison sentence in light of Amendment 782, which lowered by 2 levels the base offense level for Madden's drug crime as specified in the Drug Quantity Table. See U.S.S.G. § 1B1.10(d); Supp. to App. C, amend. 782 (2014). This reduction lowered Madden's imprisonment range to 70 to 87 months. The government opposed giving Madden any reduction, however, on the grounds that Madden had been disciplined repeatedly while in prison, and that the 96 months he received was still appropriate given the district court's weighing of the factors in 18 U.S.C. § 3553(a). The Bureau of Prisons submitted to the court a "worksheet" detailing Madden's misconduct while in prison. Its accuracy is not disputed: Madden's record includes assault, threatening bodily harm to a guard, possessing a dangerous weapon, refusing to obey orders, being in an unauthorized area, abusing morphine, refusing to take an alcohol test, and refusing a work assignment. The worksheet also confirms that Madden had completed or at least started 15 educational courses but had not participated in drug treatment. And, the worksheet notes, Madden did not have a current work assignment because he was being housed in segregation.

The district court declined to reduce Madden's sentence. The court acknowledged that Madden was eligible for a reduction but concluded, based primarily on his extensive prison disciplinary record, that Madden is an inmate still in "need of corrective treatment and from whom the public needs protection."

Madden, now *pro se*, argues on appeal that the discretion given to district judges in considering grounds for a sentence reduction is unconstitutional and counter to the purpose of retroactive amendments to the guidelines. Yet the Supreme Court has held that the discretion given to district judges under § 3582(c)(2) is proper, and that neither the statute nor the Constitution requires a judge to conduct a full resentencing in response to a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Neal*, 611 F.3d 299, 401 (7th Cir. 2010).

The district court acted well within its authority in declining to reduce Madden's prison term. In deciding whether a reduction is appropriate, a district court considers the applicable § 3553(a) factors (though the court need not analyze each one), as well as the defendant's post-sentencing conduct and any threat to the public posed by early release. See U.S.S.G. § 1B1.10, cmt. n.1(B); *United States v. Purnell*, 701 F.3d 1186, 1190

(7th Cir. 2012). These considerations persuaded the district court, and us, that a sentencing reduction was unwarranted given Madden's "numerous and serious violations of prison rules."

AFFIRMED.