**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016[*]
Decided July 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1038

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Western Division. |
|     *v.* | |
| | No. 12 CR 50049-1 |
| ERIC L. KELLY, | |
|     *Defendant-Appellant.* | Frederick J. Kapala, |
| | *Judge.* |

**O R D E R**

Eric Kelly sought to reduce his 123-month prison sentence based on Amendment 782 to the federal sentencing guidelines, which retroactively reduced the imprisonment range for his drug conviction. The district court declined to reduce the sentence. We affirm that ruling.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Police in Rockford, Illinois, found crack cocaine and a handgun while executing a search warrant at Kelly's residence. Kelly later pleaded guilty to possession of crack with intent to distribute, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1), and possession of a firearm as a felon, *id.* § 922(g)(1). The district court grouped the § 922(g)(1) and § 841(a)(1) counts and used the offense level for the latter since it was higher. See U.S.S.G. §§ 3D1.2, 3D1.3. The court attributed 17 grams of crack to Kelly and, using the 2013 version of the guidelines, assessed a base offense level of 22. The court subtracted 3 levels for acceptance of responsibility, yielding a total offense level of 19. Coupled with Kelly's category V criminal history, his guidelines imprisonment range for those two counts was 57 to 71 months. Kelly's guideline sentence for the § 924(c)(1) count was the 60-month statutory minimum, which had to be imposed consecutively. See 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 2K2.4. In selecting a total sentence of 123 months, the court weighed Kelly's difficult childhood, history of mental-health issues, and willingness to participate in treatment for drug and alcohol abuse against the seriousness of the offenses, Kelly's criminal history and need for deterrence, and the need to protect the public.

Amendment 782 reduced the base offense level for Kelly's drug offense from 22 to 20. See U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014). That adjustment also lowered the imprisonment range for the § 841(a)(1) and § 922(g)(1) counts to 46 to 57 months, instead of 57 to 71 months. On that basis Kelly asked the district court to reduce his imprisonment for those offenses to 46 months. See 18 U.S.C. § 3582(c)(2). He informed the court that, since his incarceration, he had earned his GED and completed various courses, including for drug-abuse prevention, but he also acknowledged that he had been disciplined for making a weapon from a lock secured to a belt. The district court concluded that Kelly was eligible for a reduction but denied his request "based on his history of violent behavior, including in particular his possession of a weapon capable of inflicting serious injury to another while in prison." The court also expressed its concern that Kelly would pose a danger to the community if granted early release.

On appeal Kelly has not filed an appellate brief addressing the district court's ruling but instead has resubmitted the § 3582(c)(2) motion he filed in the district court along with his reply to the government's written opposition. Yet we review a ruling on a § 3582(c)(2) motion for abuse of discretion, asking whether the decision is within broad bounds of reasonableness, not whether we would have reached the same decision in the first instance. See *United States v. Purnell*, 701 F.3d 1186, 1189 (7th Cir. 2012); *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009). But Kelly does not argue that the

district court abused its discretion or find fault with the court's explanation for allowing his existing sentence to stand. In any event, Kelly's conduct in prison and the danger he poses to the community are proper factors for the district court to consider. See *Purnell*, 701 F.3d at 1190; *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009). Accordingly, we AFFIRM the district court's decision.