> **NONPRECEDENTIAL DISPOSITION**
>
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2016[*]
Decided July 17, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

SARA L. ELLIS, *District Judge*[**]

No. 16-3092

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-CR-30046-NJR-03 |
| SALVADOR GUADALUPE NAVARRO, *Defendant-Appellant*. | **Nancy J. Rosenstengel**, *Judge*. |

## O R D E R

This is a direct appeal from a resentencing following our remand in *United States v. Navarro*, 817 F.3d 494 (7th Cir. 2016). Defendant Salvador Navarro had pled guilty to

---

[*] This appeal is successive to case no. 12-2606 and is being decided by the same panel under Operating Procedure 6(b).

[**] The Honorable Sara L. Ellis, of the United States District Court for the Northern District of Illinois, sitting by designation.

conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1). As we explained in our opinion, at sentencing the government reneged on a promise in the plea agreement to recommend a prison term within the guideline range. Instead the government recommended a sentence of 320 months, substantially above the applicable range of 188 to 235 months. The district court imposed an above-guideline term of 262 months, prompting our remand for resentencing before a different judge.

While the earlier appeal was pending, the Sentencing Commission retroactively lowered by two levels the base offense level for most drug crimes. See U.S.S.G. app. C, amends. 782 & 788. With the agreement of both parties, the district court applied that change at resentencing, allowing Navarro to bypass the formality of filing a separate motion under 18 U.S.C. § 3582(c)(2). The calculated guideline imprisonment range dropped to 151 to 188 months. This time the government argued for 188 months, the high end of that range, as permitted by the plea agreement. The district court accepted that recommendation.

Although the plea agreement includes a broad waiver of Navarro's right to appeal, he nevertheless filed a notice of appeal. His appointed lawyer asserts that this second appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Navarro opposes counsel's motion. See Cir. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis in that brief appears to be thorough, we limit our review to the subjects that counsel discusses, along with the additional issues Navarro raised in his response. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

As to counsel's submission, we begin and end with the appeal waiver. Counsel considers whether Navarro could argue that the waiver is unenforceable but correctly concludes that Navarro abandoned any possible claim by not challenging his guilty plea—and with it the appeal waiver—in his earlier case before us. See *United States v. Longstreet*, 699 F.3d 834, 838 (7th Cir. 2012); see also *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013) ("An appeal waiver stands or falls with the underlying guilty plea."). That waiver, with very narrow exceptions, forecloses Navarro's "right to contest any aspect of his conviction and sentence" if the sentence was within the guideline range. Thus, counsel's proposed claim concerning the district court's compliance with our remand order and Navarro's Rule 51(b) arguments about his criminal forfeiture obligations are foreclosed.

Only one of Navarro's contentions remains. In his Rule 51(b) response, Navarro relies on a narrow exception to his appeal waiver—he can appeal "based upon Sentencing

Guideline amendments which are made retroactive"—in arguing that the district court should have considered, but did not consider, his exemplary conduct since the initial sentencing in deciding whether to reduce his prison sentence under Amendments 782 and 788. Navarro concedes that the court acknowledged his completion of a general educational development (GED) degree but says that the court ignored that he completed other programs, including one on drug abuse. This claim would be frivolous. A district court may take into account post-sentencing efforts at rehabilitation in deciding whether a lower sentence is appropriate under § 3582(c)(2), but the court is not required to do so. See U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012). Moreover, a sentencing court need only provide some reasoning consistent with 18 U.S.C. § 3553(a) for its decision. *United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016); *Purnell*, 701 F.3d at 1190. Here the district court discussed developments since Navarro's first sentencing, including that he had completed his GED and received only one conduct violation during his time in prison, even if the court did not explicitly mention Navarro's completion of other programs. The court thus fulfilled its obligations under § 3582(c)(2), notwithstanding Navarro's complaint that the court did not give enough weight to some of his post-sentencing conduct.

We GRANT counsel's motion to withdraw and DISMISS the appeal.