NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019
Decided June 28, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2423

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 CR 262-3 |
| MIGUEL GONZALEZ, *Defendant-Appellant*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Miguel Gonzalez pleaded guilty to conspiring to distribute and to distributing cocaine. *See* 21 U.S.C. §§ 846, 841(b)(1)(B). He was sentenced to 94 months in prison. He now appeals his conviction and sentence, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief explaining Gonzalez's case and addressing issues that the appeal might involve. Because counsel's analysis appears sufficient, and Gonzalez does not oppose the motion, we limit our review to the subjects that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel informs us that Gonzalez wishes to contest his guilty plea, and counsel considers two potential challenges to the validity of the plea. The first is based on possible noncompliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But counsel correctly concludes that such a challenge would be pointless because the plea colloquy complied with Rule 11. The judge determined that Gonzalez was competent to plead guilty and advised Gonzalez of his rights and his waiver of these rights if the judge accepted his plea. *See* FED. R. CRIM. P. 11(b)(1)(B)–(F). Counsel notes that the judge omitted from the colloquy the possibility of restitution and forfeiture, but he correctly concludes that the omissions were immaterial because the judge imposed neither. *See* FED. R. CRIM. P. 11(b)(1)(J)–(K). Thus, any argument that the plea was not knowing or voluntary because the colloquy impermissibly deviated from Rule 11 would be frivolous. *United States v. Bowlin*, 534 F.3d 654, 659–60 (7th Cir. 2008).

Second, counsel considers whether Gonzalez could plausibly challenge the plea by arguing that, despite the compliance with Rule 11, he nonetheless did not understand the plea. Counsel observes that Gonzalez reserved the right to argue (and thus may have believed) that he was responsible for only 9 kilograms of cocaine, yet the district judge found and Gonzalez stipulated elsewhere in the plea agreement that he was responsible for 15 kilograms. But we agree with counsel that an argument based on this divergence would be frivolous. At the change-of-plea hearing, Gonzalez admitted under oath to buying two kilograms of cocaine from a supplier and a total of six kilograms from undercover officers, as well as to selling seven kilograms of cocaine. This sums to 15 kilograms. To contest the calculation, Gonzalez would have to reject his prior sworn testimony. But without any rationale for the recantation, this strategy would be frivolous, for "[w]e may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing." *See United States v. Purnell*, 701 F.3d 1186, 1190–91 (7th Cir. 2012).

Counsel next considers whether the district judge erred at sentencing. We agree with counsel that Gonzalez could raise no plausible argument on this point. Counsel proposes no error, and we see none, in the judge's calculation of the applicable drug quantity (he relied on Gonzalez's own testimony), the resulting base offense level of 32 (29 after Gonzalez's acceptance of responsibility), the criminal history score of I, or guidelines range of 87 to 108 months. *See* U.S.S.G. § 2D1.1. And challenging the 94-month sentence as otherwise procedurally or substantively unreasonable would be frivolous. The judge adequately explained this within-guidelines sentence, addressing the arguments in mitigation and the relevant factors under 18 U.S.C. § 3553(a).

*See United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Specifically, the judge found that the sentence was necessary to deter Gonzalez because he was a midlevel dealer—a "necessary cog" in the "giant machine" of drug trafficking—who continued to deal drugs "even after being caught." Gonzalez's sentence is presumed reasonable because it is within the guidelines range, and we agree with counsel that the record suggests no potential reason to disturb that presumption. *See Mykytiuk*, 415 F.3d at 608.

Last, counsel considers whether Gonzalez could plausibly argue that his lawyer rendered constitutionally ineffective assistance. But that claim should be reserved for collateral review, where Gonzalez may develop a fuller record. *See United States v. Stokes*, 726 F.3d 880, 897–98 (7th Cir. 2013) (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

We GRANT counsel's motion to withdraw and DISMISS the appeal.