NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021[*]
Decided January 27, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20–2601

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-cr-141-bbc |
| WALTER R. BURNLEY, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Walter Burnley, a federal inmate convicted of crimes involving threats to kill, moved for compassionate release under 18 U.S.C. § 3582 based on the risk that COVID-19 poses to his compromised immune system. Stipulating that Burnley had shown health conditions that qualify him for early release, the district court nonetheless denied his request. After considering the factors under 18 U.S.C. § 3553(a), it explained

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that Burnley remains a danger to the community. Because the court reasonably weighed the relevant considerations of public safety, we affirm.

In 2006, Burnley committed four unarmed robberies of Milwaukee-area banks, taking a total of $10,000. After a trial, he was convicted of four counts of bank robbery by intimidation under 18 U.S.C. § 2113(a). In his direct appeal, we observed that, although "[t]hese were not violent robberies," *United States v. Burnley*, 533 F.3d 901, 903 (7th Cir. 2008), Burnley had threatened violence. He threatened to kill one of the bank tellers, held a knife to the throat of a recruited accomplice, and later threatened to have someone kill this accomplice after learning that she had spoken to the police. At sentencing, Burnley was designated a career offender: He had two shooting convictions (at ages 15 and 23) and two convictions involving violent threats. He received a within-guidelines prison sentence of 262 months (over 21 years), has served 14 years of that sentence at MCI-Oxford in Wisconsin, and is scheduled for release in 2025.

Burnley moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) after he received a preliminary diagnosis of lymphoma in April 2020. Before filing his motion, he asked the warden of MCI-Oxford for release, but the warden denied his request. The government initially objected to the motion on the ground that, without a final diagnosis, the motion was premature. Two months later, Burnley received a final diagnosis—grade 3B follicular lymphoma (a chronic and incurable cancer of the immune system). He revived his motion and submitted to the court a plan, approved by the probation office, to live with his family and undergo chemotherapy in Milwaukee. The government waived any defense of failure to exhaust, declining to assert a "technical argument of necessary exhaustion." It also conceded that Burnley's health makes him eligible for relief under § 3582(c)(1)(A). But it opposed Burnley's release based on his history of intimidating victims with threats of violence, his failure to accept responsibility for his crime of conviction, and his misconduct in prison.

The district court denied Burnley's request in August 2020 after weighing the § 3553(a) factors. It explained that, although Burnley's health qualified him for early release under § 3582, he still posed a danger to the public. The court observed that even though he had no guns during his offense of conviction, he still inflicted harm by threatening to kill one of the bank tellers, deploying a knife on his accomplice, and later threatening to have someone kill her. The court also noted that, in prison, he was twice disciplined for fights. From this behavior and his lack of contrition for his crime of conviction, the court ruled that even though Burnley is physically weakened, his history of threatening violence means that he remains a danger to the public.

To address this appeal, we must pause briefly to discuss mootness. After Burnley appealed, he was transferred from the federal prison in Wisconsin to a federal prison in North Carolina to receive chemotherapy treatment. That raises the question of whether his request for release from the Wisconsin prison is moot. Around the time of his transfer, the receiving prison in North Carolina had about 26 confirmed cases of COVID-19 among inmates and staff. Burnley tells us that he seeks release from any federal prison based on the risk of contracting COVID-19, arguing that the risk to him is system-wide. Accordingly, even though he is at a different federal prison, his case remains live. *See Lehn v. Holmes*, 364 F.3d 862, 871–72 (7th Cir. 2004).

On the merits, Burnley argues that the district court abused its discretion because it denied his request without a "reasoned basis." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (citation omitted). Specifically, Burnley argues that the district court weighed his criminal and disciplinary history too heavily and gave insufficient weight to his medical condition, thereby unreasonably concluding that he remained a danger to the public.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may grant an inmate's request for early release based on "extraordinary and compelling reasons," after considering the factors under 18 U.S.C. § 3553(a), which include the dangerousness of the inmate.*See United States v. Gunn*, 980 F.3d 1178, 1179, 1181 (7th Cir. 2020). We review the decision for an abuse of discretion, asking whether the court's "reasoning process and [the] result" were reasonable. *United States v. Purnell*, 701 F.3d 1186, 1189 (7th Cir. 2012).

Before evaluating the district court's reasoning, we note a procedural point. In denying Burnley's motion, the district court cited a policy statement of the Sentencing Guidelines that requires a finding that "the defendant is not a danger to the safety of any other person" as a precondition for release. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). We have since ruled that this policy statement does not apply to petitions under the First Step Act, like Burnley's, initiated by an inmate rather than the Director of the Bureau of Prisons. *See Gunn*, 980 F.3d at 1179–80. But the mistake is inconsequential because the standard the court relied on matches the standard under § 3553(a)(2)(C), which the district court also referenced.

The district court's decision to deny release was reasonable. The task of the court was to weigh the competing considerations of Burnley's poor physical health and his ongoing danger to the public; it did so. The court reasonably found that, despite

Burnley's "various physical ailments," *Rita v. United States*, 551 U.S. 338, 358 (2007), he remained a danger to public safety because his past behavior of making threats showed that he needs no great physical strength to cause harm. He committed four unarmed bank robberies by issuing threats, and he attempted to silence his accomplice with threats to arrange to have her killed. Burnley's cancer diagnosis does not disable him from continuing to make threats, or asking others to carry out his violent threats, despite his weakened physical condition. Moreover, because he has not shown remorse for his crimes and was also twice disciplined for fights while incarcerated, the district court did not unreasonably overstate his present-day capability of harm. The district court therefore did not abuse its discretion in denying relief.

AFFIRMED