NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012
Decided March 28, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2821

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:05-CR-85 |
| REGINALD COVERSON, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Reginald Coverson pleaded guilty in 2005 to five counts of distributing crack cocaine, 21 U.S.C. § 841(a)(1), and one count of possessing crack with intent to distribute, *id*. The district court found that Coverson was responsible for 223 grams of crack, set his base offense level at 34, and added 2 levels for possessing a dangerous weapon in connection with his drug offenses. U.S.S.G. § 2D1.1(a)(5), (b)(1), (c)(3) (2005). Coverson's total offense level of 36 combined with his criminal history category of V yielded an imprisonment range of 292 to 365 months. The court sentenced Coverson in the middle of that range to 328 months.

In 2007 the Sentencing Commission retroactively lowered the base offense levels for crack offenses. *See* U.S.S.G. app. C, amends. 706, 713. The following year Coverson moved for a reduced sentence, *see* 18 U.S.C. § 3582(c)(2), based on a revised imprisonment range of 235 to 293 months. His appointed lawyer requested a full resentencing and a prison term at or below the low end of that range. In August 2011 the district court lowered Coverson's sentence to 264 months (the middle of the new range) but rejected his request for a full resentencing. Coverson filed a notice of appeal.

Meanwhile, as Coverson pursued this appeal, his lawyer filed a second motion under § 3582(c)(2) in November 2011. This time he relied on Amendments 748, 750, and 759, which, effective that month, had retroactively implemented the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, by further reducing the base offense level for crimes involving crack, *see* U.S.S.G. app. C, amends. 748, 750, 759. In December the district court granted the motion and reduced Coverson's sentence to 211 months. This term falls in the middle of the revised imprisonment range of 188 to 235 months, and is well below the minimum of the range generated by his first motion under § 3582(c)(2). Coverson did not file a notice of appeal to challenge the outcome of his second motion under § 3582(c)(2), nor has he mentioned the further reduction in sentence in this appeal from the first reduction in August 2011.

Coverson's lawyer asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). But because there is no right to appointed counsel in a proceeding under § 3582(c)(2), *see United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), counsel need not have complied with the *Anders* safeguards before moving to withdraw, *see Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Nevertheless, we invited Coverson to respond to his attorney's motion, and he has done so. *See* CIR. R. 51(b).

Coverson argues that, when his sentence was reduced the first time, the district court should have conducted a full resentencing and better explained its evaluation of the sentencing factors under 18 U.S.C. § 3553(a). Yet § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *United States v. Dillon*, 130 S. Ct. 2683, 2691 (2010); *see* U.S.S.G. § 1B1.10(a)(3); *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010). And Coverson's argument concerning § 3553(a) became moot when his sentence was reduced again, to 211 months, in December 2011.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.