In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1108

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STEVEN P. NICHOLS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 10 cr 40053-004 — **Michael M. Mihm**, *Judge.*

SUBMITTED MAY 15, 2015[*] — DECIDED JUNE 17, 2015

Before WOOD, *Chief Judge*, and CUDAHY and RIPPLE, *Circuit Judges*.

WOOD, *Chief Judge*. After he was convicted on drug-related charges, Steven Nichols was sentenced to 127 months in prison and five years of supervised release. A year later, in

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(A).

response to a government motion under Federal Rule of Criminal Procedure 35(b), the court reduced the sentence to 88 months. Later, in the hopes of securing an additional reduction, Nichols filed a motion under 18 U.S.C. § 3582(c). The district court lopped off another five months, leaving Nichols with a sentence of 83 months. Nichols takes the position that the court used the wrong baseline and thus did not give him a generous enough reduction. He is mistaken: the court did not err, and Nichols is thus not entitled to further relief.

The original 127-month sentence Nichols received followed his guilty plea to charges of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamines. See 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). His guideline range was 151 to 188 months, but the district court concluded that a below-range sentence was appropriate. He earned the reduction to 88 months based on his substantial assistance to the government, see FED. R. CRIM. P. 35(b).

In November 2014, Nichols moved under § 3582(c)(2) for a further sentence reduction to 51 months' imprisonment, based on the retroactive application of Amendment 782 to the Sentencing Guidelines. This amendment lowered by two levels the offense levels specified in the Drug Quantity Table, see U.S.S.G. Supp. App., C amend. 782 (2014), and reduced Nichols's guidelines range to 121 to 151 months. See U.S.S.G. § 2D1.1(c)(5) (2014). The district court appointed the Federal Public Defender's office to represent Nichols.

Although a court normally does not have discretion in a proceeding under § 3582 to impose a sentence below the amended guidelines range, see *id.* § 1B1.10(b)(2)(A), there is

an exception to that rule. The court is authorized to give a comparable, below-guidelines reduction if the offender previously received a below-guidelines sentence because of substantial assistance. *Id.* § 1B1.10(b)(2)(B); see *United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012). That exception applied to Nichols. He had received a 30% reduction below his original 127-month sentence when the district court reduced his sentence to 88 months in response to the government's Rule 35(b) motion based on his substantial assistance. To enable Nichols to receive the same benefit under the amended guideline, the public defender and government jointly requested a reduction to 83 months (83 months is approximately 30% below 121 months—the bottom of the amended guideline range). The court granted the jointly requested reduction to 83 months. (The sentencing order states, as the Commission requires, that the reduction will not take effect until November 1, 2015. This delay in the execution of a sentence does not affect its finality or appealability. See *Berman v. United States*, 302 U.S. 211, 212–13 (1937).)

On appeal from the disposition of his § 3582 motion, Nichols, now *pro se*, argues that he should have received a greater reduction. He believes that he is entitled to a reduction to 74 months' imprisonment to account for his substantial assistance. He adds in his reply brief that he did not "consent" to the public defender's and government's joint motion. Neither point is well taken. Nichols never complained about his lawyer's representation during the § 3582 proceedings, and it is too late now for him to do so. At this point, he is bound by the acts of his lawyer over "what arguments to pursue." *New York v. Hill*, 528 U.S. 110, 114–15 (2000); see also *United States v. Johnson*, 580 F.3d 567, 569–70 (7th Cir. 2009); *United States v. Boyd*, 86 F.3d 719, 723 (7th Cir.

1996). Because Nichols (through his lawyer) argued for and received an 83-month sentence, Nichols has waived any argument for a different sentence. See *United States v. Turner,* 651 F.3d 743, 747 (7th Cir. 2011).

Even if waiver were not a bar, Nichols could not succeed. The district court's decision whether to reduce a sentence under § 3582(c)(2) is discretionary. See *United States v. Purnell*, 701 F.3d 1186, 1189 (7th Cir. 2012). The district court's decision here was a sound one. It reasonably granted a reduction in Nichols's sentence; that reduction took into account his substantial assistance and adjusted the sentence by the same proportion that it had used for the reduction Nichols received before the guidelines were amended.

AFFIRMED.