In the

# United States Court of Appeals

## For the Seventh Circuit

———————

Nos. 15-1326 & 15-1474

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EMANUEL T. NEWMAN,

*Defendant-Appellant.*

———————

Appeals from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:91 cr 02-3RLM — **Robert L. Miller, Jr.,** *Judge.*

———————

SUBMITTED JULY 22, 2015 — DECIDED JULY 23, 2015

———————

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* More than 20 years ago, Emanuel Newman was sentenced to 540 months' imprisonment for drug offenses, which included distributing between 40 and 50 kilograms of cocaine. See *United States v. Newman*, No. 91-3192 (7th Cir. Oct. 5, 1993) (unpublished order affirming his conviction and sentence). Congress and the Sentencing Commission have several times reduced permissible sen-

tences for sellers of crack cocaine, but until recently none of these changes affected persons who distributed powder cocaine. Amendment 782 to the Sentencing Guidelines, however, effects an across-the-board reduction of two offense levels in the drug-quantity table at U.S.S.G. §2D1.1. Because the Sentencing Commission made that change retroactive, 18 U.S.C. §3582(c)(2) allows district judges to reduce the sentences of persons already in prison (though Amendment 782 provides that reductions under its terms cannot permit anyone to be released before November 1, 2015).

Newman's motion under §3582(c)(2) contended that his revised sentencing range is 292 to 365 months (the original had been 360 months to life), and the prosecutor agreed. The prosecutor recommended a reduction to 472 months, observing that Newman's crimes (and criminal history) included violence as well as drug sales, but on December 30, 2014, the district court entered an order cutting the sentence to 348 months. This was achieved through a combination of concurrent and consecutive sentences that need not be explained here. It is enough for now that no one doubts that the order of December 30 is lawful: the sentence on each count is within the statutory maximum, and a term of 348 months is authorized by Amendment 782 in conjunction with §3582(c)(2). The order states that the judge deemed the prosecutor's 472-month recommendation too high. The United States did not protest and did not appeal.

A month later, on January 28, 2015, the district judge amended the order by changing which sentences run concurrently with or consecutive to which other sentences. The total remained at 348 months. This order, like that of December 30, states that 472 months would be unduly long.

But the next day the district judge amended the order yet again. The revised order rearranges which sentences run consecutively to which other sentences, and the upshot is a total of 472 months in prison. The language from the earlier orders stating that 472 months would be too high vanished. The judge did not say why he now thought 472 months the appropriate sentence and did not cite any authority allowing him to add 124 months to Newman's sentence.

Newman asked the judge to restore the 348-month package, relying on Fed. R. Crim. P. 35(a), which says that a judge has 14 days to "correct a sentence that resulted from arithmetical, technical, or other clear error." The order of January 29 came more than 14 days after December 30, and at all events the judge had not identified any "arithmetical, technical, or other clear error." The judge denied Newman's motion. The order reads in full: "The court DENIES the defendant's motion for reconsideration (doc. #743). The application of Amendment 782 of [sic] December 30, 2014 wasn't a 'sentencing' within [sic] meaning of Fed. R. Crim. P. 35(a)."

The court did not explain *why* an order authorized by §3582(c)(2) isn't a sentencing for the purpose of Rule 35(a). We know from *Dillon v. United States*, 560 U.S. 817 (2010), that it isn't a sentencing for the purpose of the Sixth Amendment, which implies that it is not one for the purpose of Fed. R. Crim. P. 32 either. Thus the judge need not order the defendant produced in court and need not take new evidence. See also Fed. R. Crim. P. 43(a)(3), (b)(4). But *Dillon* does not say or suggest that a judge who has reduced a sentence under §3582(c)(2) becomes empowered to increase it months or years later, without regard to the time limits ordinarily applicable to revisions.

If Rule 35 does not apply, then where did the district court get the power to make any change at all, even one day after the original reduction? Section 3582(c) says that a court "may not modify a term of imprisonment once it has been imposed". Three exceptions follow. One is Rule 35. A second exception, §3582(c)(1)(A), covers a motion by the Bureau of Prisons asking the judge to reduce a sentence for "extraordinary and compelling reasons" or a prisoner's old age. And §3582(c)(2) is the third exception. It provides that, if the Sentencing Commission retroactively lowers a guideline range, then "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." This permits a court to reduce a sentence, not to increase it.

Other than a correction on appeal—and, to repeat, the United States did not file an appeal—the only source of authority to fix a substantive error in reducing a sentence under §3582(c)(2) is Rule 35(a), which permits action only within 14 days. Cf. *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011). (Criminal Rule 36 authorizes the correction of clerical errors, but the 348-month term, if an error, was not a gaffe in transcribing or putting a judicial decision on the docket and so is outside the scope of Rule 36. See *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).)

The United States has confessed error, and for the reasons we have given we agree with its conclusion that the district court lacked the authority to increase Newman's sentence by an order entered more than 14 days after December 30, 2014.

The district court's decision of January 29, 2015, is vacated, and the case is remanded with instructions to reinstate a set of terms that in aggregate cannot exceed 348 months.