**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2672

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-20028-001 |
| OTHIENO O. LUCAS, *Defendant-Appellant.* | James E. Shadid, *Chief Judge.* |

**O R D E R**

Othieno Lucas appeals from an order reducing by 18 months his sentence for possessing with intent to distribute crack cocaine. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C., amend. 782 (2014). Lucas argues that the district court should have reduced his sentence even further, but we conclude that the court acted within its discretion in declining to do so. Thus we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Lucas pleaded guilty in 2006 to possession with intent to distribute at least 50 grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1). The district court calculated a guidelines range of 292 to 365 months' imprisonment based on a total offense level of 37 and a criminal history category of IV. After granting the government's motion for a 25% reduction based on substantial assistance, *see* U.S.S.G. § 5K1.1, the court sentenced Lucas to 220 months.

In 2008 Lucas filed his first motion under § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced by two the base offense level assigned to most drug offenses. The district court granted the motion, thereby lowering the guidelines range to 235 to 293 months, and applied the same 25% reduction for substantial assistance to reach a new sentence of 176 months. We affirmed. *United States v. Lucas*, No. 08-2879 (7th Cir. Feb. 17, 2009).

In 2014 Lucas moved again for a reduction under § 3582(c)(2), this time based on Amendment 782, which further lowered by two the base offense levels assigned to most drug quantities in U.S.S.G. § 2D1.1. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C., amend. 782 (2014); *see United States v. Newman*, 794 F.3d 784, 785 (7th Cir. 2015). This reduction would have moved the guidelines range to 188 to 235 months, and Lucas sought another 25% reduction from the bottom of that range to 141 months. Although the government agreed that Lucas qualified for a reduced sentence, it opposed the request on the ground that Lucas posed a danger to public safety. The government highlighted Lucas's many disciplinary infractions in state and federal prison, and primarily his more recent possession of a shank that showed an intent to harm others and an inability to put his violent past behind him. The government also pointed to Lucas's 1995 conviction for first-degree murder, several parole violations, and a disciplinary action in 2014 for possessing synthetic marijuana.

The district court conducted a hearing and sentenced Lucas below the guidelines to 158 months—an 18-month reduction. The court acknowledged that some reduction was warranted based on Lucas's educational achievements in prison, but the court declined to grant a full reduction because it concluded that Lucas's many post-sentencing violations—particularly his most recent violation for possessing marijuana—reflected an inability to follow rules and the threat he posed to public safety. Granting Lucas's request for a full 35-month reduction would send the wrong message, the court said, given the fact that he possessed the marijuana just two days after he filed his motion.

On appeal Lucas maintains that he should have received an even lower sentence and argues that the court overstated the danger that he poses to public safety. His 20-year-old murder conviction is too dated to bear on his current sentence, he says, and his disciplinary infractions while in prison on the current offense do not show any pattern of violence or aggressive behavior.

But the district court did not abuse its discretion in declining to grant Lucas the full 35-month reduction. In determining the appropriate amount of a reduction—if any—under § 3582(c)(2), the court must consider any public safety concerns as well as the sentencing factors listed in 18 U.S.C. § 3553(a), and the court may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B.10 cmt. n.1(B); *see United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009). The court here reasonably concluded that Lucas's many disciplinary infractions—including the one for possessing marijuana after he filed this motion—demonstrate an unwillingness to follow rules that could present a danger to the community when he is released.

AFFIRMED.