| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016[*]
Decided April 5, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 15-2153 and 15-2154

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | Nos. 3:12-cr-00041-wmc |
| | and 3:12-cr-00136-wmc |
| GIOVANNI COLLAZO-SANTIAGO, | |
| *Defendant-Appellant.* | William M. Conley, |
| | *Chief Judge.* |

**O R D E R**

Giovanni Collazo-Santiago, a federal prisoner, is serving concurrent sentences in two cases, one for a drug conviction and the other for a firearm conviction. He sought and received sentence reductions in both cases under 18 U.S.C. § 3582(c)(2). But the district court later increased the sentence in the drug case, partially erasing the reduction

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

it had granted earlier. Because the district court lacked authority to erase that sentence reduction, we vacate in part and remand.

The convictions originated in separate cases. Collazo-Santiago pleaded guilty to possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and separately pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The drug and firearm cases were consolidated for sentencing. After grouping the two convictions under U.S.S.G. § 3D1.4, the district court calculated a combined offense level of 28, a criminal-history category of II, and a resulting guidelines imprisonment range of 87 to 108 months. The court sentenced Collazo-Santiago to 90 months' imprisonment in each case, to be served concurrently.

Amendment 782 to the U.S. Sentencing Guidelines led to sentence reductions in both the drug and the firearm cases. The first reduction occurred in the drug case. Because the amendment lowered Collazo-Santiago's base offense level for the quantity of drugs he possessed, *see* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014), Collazo-Santiago's counsel and the government jointly requested a sentence reduction to 70 months in the drug case. *See* § 3582(c)(2). Following that request, the district court reduced the drug sentence to 70 months and directed that the sentence continue to run concurrently with the sentence on the firearm conviction, which was still 90 months.

The second sentence reduction occurred the following month when Collazo-Santiago's counsel and the government jointly requested 78-month concurrent sentences in *both* cases. The firearm sentence was eligible for a reduction under Amendment 782 because that conviction was grouped with the drug conviction under § 3D1.4 and was therefore "based on" a guideline range that was subsequently lowered. *See* § 3582(c)(2); *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring) (controlling opinion in 4–1–4 decision). The district court granted this request and adjusted both sentences to 78 months on March 11, 2015—more than a month after it had reduced the drug sentence to 70 months. Within the two-week time frame that Collazo-Santiago had to appeal, FED. R. APP. P. 4(b)(1)(A), he moved for reconsideration in both cases. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). He asked the district court to vacate the 78-month concurrent sentences and replace them with 70-month concurrent sentences. The district court denied that motion, and Collazo-Santiago appeals this ruling.

In this court, Collazo-Santiago maintains that his sentence in both cases should be reduced to 70 months. He is only half right. The government rightly concedes that the order of March 11 revising the 70-month sentence to 78 months in the drug case must be vacated and the 70-month sentence reinstated. "Other than a correction on appeal . . . the only source of authority to fix a substantive error in reducing a sentence under § 3582(c)(2) is Rule 35(a), which permits action only within 14 days." *United States v. Newman*, 794 F.3d 784, 786 (7th Cir. 2015); *see* FED. R. CRIM. P. 35(a); *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). Once the district court had granted the § 3582(c)(2) motion in the drug case and reduced Collazo-Santiago's sentence to 70 months, it had no authority to raise that sentence to 78 months on March 11—after the 14-day limit had expired. We therefore vacate the order modifying the drug-case sentence to 78 months and reinstate the 70-month sentence in that case. *See Newman*, 794 F.3d at 786–87.

In the firearm case, however, we affirm the 78-month concurrent sentence. The district court imposed that sentence in response to Collazo-Santiago's and the government's joint request under § 3582(c)(2) for a sentence reduction in the firearm case. Unlike in the drug case, the district court was not revising an earlier § 3582(c)(2) ruling, let alone doing so out of time. The 78-month sentence was the court's only ruling on the § 3582(c)(2) motion in the firearm case. Furthermore Collazo-Santiago specifically requested and received a concurrent sentence of 78 months in the firearm case. Therefore he has waived any argument that this sentence should be lower. *See New York v. Hill*, 528 U.S. 110, 114–15 (2000); *United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015). We thus affirm the order reducing Collazo-Santiago's firearm sentence to 78 months.

One final note. Collazo-Santiago also argues that the district court should have vacated his firearm conviction because the state felony on which it was based was reduced to a misdemeanor before sentencing. But this argument is inappropriate in a § 3582(c) proceeding, which does not permit a full resentencing, let alone a redetermination of guilt. *See Dillon v. United States*, 560 U.S. 817, 831 (2010); *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014) (citing U.S.S.G. § 1B1.10(b)(1)).

Accordingly in Case No. 15-2154, the district court's sentence of 78 months is VACATED and the case is REMANDED with instructions to reinstate a sentence of 70 months. In Case No. 15-2153, the 78-month concurrent sentence is AFFIRMED.