In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2528

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH A. PHELPS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 12-CR-10095-001 — **Joe Billy McDade**, *Judge.*

SUBMITTED OCTOBER 2, 2015 — DECIDED MAY 24, 2016

Before POSNER, SYKES, and HAMILTON, *Circuit Judges*.

SYKES, *Circuit Judge*. Joseph Phelps was convicted of conspiracy to manufacture methamphetamine and was sentenced to 120 months in prison, the statutory minimum, well below the Sentencing Guidelines range of 188–235 months. A year later the government moved for a sentence reduction as a reward for his substantial assistance. *See* FED. R. CRIM.

P. 35(b). The district court granted the motion and reduced the sentence to 60 months.

Several months later Amendment 782 to the Sentencing Guidelines took effect, retroactively reducing Phelps's guideline range to 151–188 months. As permitted by 18 U.S.C. § 3582(c)(2), Phelps moved for a sentence reduction based on the retroactive amendment. He asked the court to reduce his sentence to 48 months, citing the policy statement in U.S.S.G. § 1B1.10(b)(2)(B), which contains the Sentencing Commission's guidance for handling a § 3582(c)(2) motion in a case involving a defendant who is serving a below-guideline sentence based on substantial assistance to the government. In that situation the Commission advises that "a reduction *comparably less* than the amended guideline range … may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added).

The judge calculated that a "reduction comparably less than" the amended range in Phelps's case would be 75 months, not 48 months as Phelps had argued. The judge arrived at this higher figure by comparing Phelps's 60-month sentence to the below-guideline sentence of 120 months that the court had originally imposed before the government's substantial-assistance motion. The 60-month term was 50% of the original sentence, so the judge applied the same percentage to the amended range, the bottom of which was 151 months. That approach yielded a term of not less than 75 months. Because this term was greater than Phelps's 60-month sentence, the judge found him ineligible for a § 3582(c)(2) reduction and denied the motion.

We reverse. To calculate a sentence that is "comparably less than the amended guideline range," the Sentencing

Commission instructs the court to compare the defendant's current below-guideline sentence to the original unamended guideline range, convert the difference to a percentage, and apply that percentage reduction to the amended range. *See* § 1B1.10(b)(2)(B) cmt. n.3. This approach applies for all defendants serving a below-guideline sentence based on substantial assistance, even where (as here) the government's substantial-assistance motion came after the court imposed a below-range sentence for some other reason (e.g., based on the factors listed in 18 U.S.C. § 3553(a)).

The judge's misstep in this case was to compare Phelps's current 60-month sentence to his initial below-guideline 120-month sentence rather than to the original unamended guideline range. Phelps performed the correct calculation: His "comparably less" sentence is not less than 48 months, so he is eligible for a sentence reduction under § 3582(c)(2).

## I. Background

Phelps pleaded guilty in January 2013 to a charge of conspiring to manufacture more than 500 grams of methamphetamine. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. Under the then-applicable 2012 Sentencing Guidelines, the presentence report began with a base offense level of 32, added three levels for environmental harm, and three more levels for Phelps's role as a manager or supervisor, and finally subtracted three levels for acceptance of responsibility. U.S.S.G. §§ 2D1.1(c)(4) (base offense), 2D1.1(b)(13)(C)(ii) (environmental harm), 3B1.1(b) (manager and supervisor), 3E1.1(a) (acceptance of responsibility). This yielded an adjusted offense level of 35, which together with a criminal-history category of II, produced a guideline range of 188–235 months.

At sentencing in May of that year the judge adopted these findings but imposed the statutory minimum sentence of 120 months, *see* § 841(b)(1)(A), well below the bottom of the guideline range. This substantial downward variance was based on the judge's consideration of the sentencing factors in § 3553(a). In July 2014 the prosecutor moved to reduce Phelps's sentence based on his substantial assistance to the government. *See* FED. R. CRIM. P. 35(b). The judge granted the motion and reduced the sentence to 60 months.

In November 2014 the Sentencing Commission promulgated Amendment 782, which reduced the base offense level for most drug crimes by two levels. *See* U.S.S.G. app. C., amend. 782, p. 65 (2014). The Commission later made the amendment retroactive. *See id.* amend. 788, p. 87. Phelps filed a pro se motion under § 3582(c)(2) seeking a sentence reduction based on the retroactive amendment. His appointed counsel later amended the motion, explaining that Amendment 782 had the effect of dropping Phelps's base offense level to 30, his adjusted offense level to 33, and his guideline range to 151–188 months. Counsel argued that although Phelps's current 60-month sentence was below the amended guideline range, the policy statement in § 1B1.10(b)(2)(B) (the Commission's guidance for handling § 3582(c)(2) motions by defendants serving below-guideline sentences for substantial assistance) made him eligible for a new sentence of not less than 48 months.

The government agreed with Phelps's reading of § 1B1.10(b)(2)(B) but urged the judge to decline, in his discretion, to award any further sentence reduction. The judge rejected the parties' interpretation of § 1B1.10(b)(2)(B), concluding instead that applying the policy statement to

Phelps's situation yielded a new sentence of not less than 75 months. Because this newly calculated term was greater than Phelps's 60-month sentence, the judge held that Phelps was not eligible for the § 3582(c)(2) reduction and denied the motion.

## II. Analysis

Section 3582(c)(2) authorizes the district court to reduce the sentence of a defendant who is serving a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The court may reduce the defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable," but only "*if* such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2) (emphasis added).

The statute requires a two-step inquiry: "First, the court determines whether a sentence reduction is consistent with the applicable policy statements promulgated by the Sentencing Commission; if it is, then the court considers whether a reduction is warranted after weighing any applicable § 3553(a) factors." *United States v. Koglin*, Nos. 15-1943 & 15-1946, 2016 WL 2865620, at *2 (7th Cir. May 17, 2016) (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

In this case the judge never reached step two; instead, he found Phelps ineligible for a § 3582(c)(2) sentence reduction under the Commission's policy statement, § 1B1.10(b)(2). That guideline states a general rule: The court "shall not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A). But there's an exception for a

defendant (like Phelps) who is serving a below-guideline sentence based on substantial assistance to the government:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, *a reduction comparably less than the amended guideline range … may be appropriate*.

§ 1B1.10(b)(2)(B) (emphasis added).

The precise question here is how to calculate a reduction "comparably less than the amended guideline range" when the defendant's original sentence was below the guideline range for reasons *other than* substantial assistance and the credit for substantial assistance came later, reducing the sentence further still.

Application note 3 to § 1B1.10 gives an example for the perhaps more common scenario of a defendant who received credit for substantial assistance at the original sentencing proceeding. In that situation the note instructs the court to calculate the ratio between the defendant's below-guideline sentence and the bottom of the original unamended guideline range and apply that same ratio to the bottom of the amended range. That computation produces the "comparable reduction," which the Commission suggests "may be appropriate" in the exercise of the court's discretion. § 1B1.10 cmt. n.3.

But the application notes do not explicitly address the more complicated situation presented here. Phelps was

initially sentenced to a term of imprisonment—120 months—that was below the original unamended guideline range, but for reasons unrelated to substantial assistance. Only later did the court reduce the sentence based on the government's substantial-assistance motion. Phelps argues that in this situation a sentence reduction "comparably less than the amended guideline range" requires the same sort of approach specified in application note 3: a straightforward calculation of the ratio between his current 60-month sentence and the original unamended guideline range. The government agrees.[1]

The district judge saw things differently, interpreting § 1B1.10(b)(2)(B) to require a more limited inquiry into the specific portion of the defendant's below-guideline sentence that is attributable *solely* to the substantial-assistance motion. On this understanding, the judge tried to isolate the effect of Phelps's substantial-assistance credit by comparing his current 60-month sentence to his initial below-guideline 120-month sentence.

It's true that the timing of the substantial-assistance motion in Phelps's case distinguishes it from the example in application note 3. But we don't think the distinction requires a different approach. Section 1B1.10(b)(2)(B) simply

---

[1] In an earlier case the government took the opposite position. *See* Brief of Plaintiff-Appellee at 8, 11–14, *United States v. Nichols,* 789 F.3d 795 (7th Cir. 2015) (No. 15-1108) 2015 WL 1805151. We did not reach the issue, however, finding the defendant's challenge to his § 3582(c)(2) sentence reduction waived. *United States v. Nichols,* 789 F.3d 795, 796 (7th Cir. 2015). The government acknowledges that its current position represents a change in its view of how § 1B1.10(b)(2)(B) applies in this situation.

asks whether the defendant's current term of imprisonment is less than the original unamended guideline range and whether that term was imposed pursuant to a substantial-assistance motion. It doesn't ask if that motion came during or after the original sentencing proceeding. Though the application notes could be clearer, we agree with the parties that the two-step computation explained in application note 3 applies regardless of whether the substantial-assistance reduction came at the time of the original sentencing or after.

Under this approach Phelps is eligible to receive a new sentence of not less than 48 months.[2] Whether he deserves that reduction in his sentence, something less, or no reduction at all is a question for the judge to consider on remand based on an examination of any applicable § 3553(a) factors.

REVERSED and REMANDED.

---

[2] Here's the math: Phelps's current sentence is 60 months. The bottom of his original unamended guideline range was 188 months. Sixty months is 31.9% of 188 months. When this percentage is multiplied by the bottom of the amended guideline range (151 months), the result is approximately 48 months.