**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided June 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3682

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:05-CR-85 |
| REGINALD J. COVERSON, *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

**O R D E R**

Reginald Coverson appeals from an order granting him only a partial reduction in his sentence under 18 U.S.C. § 3582(c)(2) after Amendement 782 to the sentencing guidelines retroactively reduced the guidelines range applicable to his crime. Because the district court did not abuse its discretion in declining to reduce his sentence even further, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

After pleading guilty in 2005 to distributing crack cocaine and possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), Coverson was sentenced to 328 months' imprisonment. *See United States v. Coverson*, 472 F. App'x 407, 408 (7th Cir. 2012). This sentence was the middle of a 292 to 365 month guidelines range calculated by the district court based on a total offense level of 36 and criminal history category V. *See id.*

The district court has since twice reduced Coverson's sentence based on retroactive amendments to the guidelines. First, in 2008, the court, acknowledging that Amendments 706 and 713 lowered the offense level for many crack offenders, reduced Coverson's offense level by two and sentenced him to 264 months, the middle of the new guidelines range. Three years later the court, based on Amendments 748 and 750, lowered his sentence further to 211 months—the middle of the new guidelines range of 188 to 235 months.

In 2014 Coverson filed his most recent request for a sentence reduction based on Amendment 782, which retroactively reduced most drug offenders' guidelines ranges by two additional levels. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. Supp. to App. C, Amend. 782 (2014); U.S.S.G. § 1B1.10(d) (2015). He sought a sentence at the bottom of his new guideline range (151 to 188 months) based on his deteriorating health in the aftermath of his mother's recent death as well as other health problems including blindness in his left eye and limited mobility.

The district court wrote in an order that it was inclined to grant Coverson's motion and reduce his sentence to 169 months—the middle of the new guidelines range—and allowed the parties 20 days to submit objections. The government responded that it concurred with the court's proposal. When the deadline passed without a response from Coverson, the court reduced his sentence to 169 months. The district court determined that a mid-range sentence of 169 months was appropriate in light of the 18 U.S.C. § 3553 factors.

Eight days later the district court received Coverson's objections to its proposed 169-month sentence. In this submission, which he mailed one day after the court's 20-day deadline, Coverson reiterated that a bottom-of-the-range sentence was warranted by his medical condition; he attached medical records as evidence of his declining health. The court considered Coverson's submission but declined to lower his sentence further; the court explained that Coverson merely "rehash[ed]" the same medical circumstances referred to in his original motion, that the court stood by its earlier ruling, and that any supplemental materials would not change its decision.

On appeal Coverson first asserts that the district court prematurely rendered its decision before receiving his response supplemented by medical records. As the court explained, however, Coverson did not deposit his response into the prison mail system until after the deadline had passed, and, in any event, the "crux" of his argument had been sufficiently articulated in his original motion. Further, the court acted within its discretion in concluding that the supplemental medical evidence did not undermine its decision to impose a mid-range sentence.

Coverson next argues that the district court gave inadequate weight to his declining health in applying the § 3553 factors. The district court, however, has broad discretion in adjudicating a § 3582(c)(2) motion. *See United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010). And while the district court may consider events that occur after the original sentencing, *see United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009), here it acted well within its discretion in acknowledging Coverson's declining health but concluding that it did not warrant a sentence below the midpoint of the range, *see* 18 U.S.C. § 3553(a)(2)(A); *United States v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012).

Finally, Coverson argues, for the first time on appeal, that the district court erred in concluding that his criminal history remained at category V. He maintains that he should have been classified as category IV, given that he received an additional point for having recently committed another crime, *see* U.S.S.G. § 4A1.1(e) (2004), and "recency" points have since been eliminated, *see* U.S.S.G. App. C, Amend. 742. However, Coverson waived this argument by failing to raise it in the district court. *See United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015). In any event, the elimination of "recency" points is not retroactive, so the district court correctly assessed the point. *See* U.S.S.G. § 1B1.10(b), (d); *United States v. Johnson*, 703 F.3d 464, 466 (8th Cir. 2013); *United States v. Díaz*, 670 F.3d 332, 353 (1st Cir. 2012).

AFFIRMED.