NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017[*]
Decided October 27, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1448

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-cr-146-pp |
| MARK A. CUBIE, *Defendant-Appellant*. | Pamela Pepper, *Judge*. |

**O R D E R**

Nine years ago, Mark Cubie was convicted of conspiring to distribute cocaine and crack, 21 U.S.C. §§ 841(a)(1), 846, and for carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(1). He was sentenced to a total of 295 months' imprisonment, and we affirmed the judgment on appeal. *United States v. Nicksion*, 628 F.3d 368, 378 (7th Cir. 2010). In this appeal, we consider whether the district court

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

must modify its judgment pursuant to Federal Rule of Criminal Procedure 36 to remedy a clerical error. We conclude that no correction is required.

During the course of the drug conspiracy, Cubie's codefendants murdered a man named Earl Benion. Cubie's presentence investigation report contained a description of the murder, to which he objected. The PSR described evidence—that Cubie disputed—showing that he personally participated in the murder, or that it was a foreseeable part of the conspiracy, and thus the murder could be used against Cubie at sentencing. The parties agreed that it would not make a difference to his offense level, so at the sentencing hearing, Judge Clevert required an amendment to the PSR to reflect that the murder "has not been used in calculating the guidelines." But the judge denied Cubie's request to redact mention of the Benion murder from the PSR, and we also affirmed that decision (on waiver grounds) in the prior appeal. *Id*.

At sentencing the government argued that the court should consider the Benion murder as a sentencing factor under 18 U.S.C. § 3553(a) and, for that reason, sentence Cubie at the high end of the guidelines range. After extensive argument, Judge Clevert determined that the evidence was mixed, and offered a compromise that the parties accepted instead of holding an evidentiary hearing—that, given the factual disputes, he would "not utilize[e] the Benion death as a factor in sentencing in this matter." *See* FED. R. CRIM. P. 32(i)(3)(B). Judge Clevert then elaborated: "I can certainly include that in the Judgment of Conviction so that it is quickly apparent that the Benion death was not a sentencing factor in this case." He explained that the court's exceptions to the PSR "oftentimes are set forth in the Judgment of Conviction" and are "certainly included in the Court's minutes." This, he continued, would "make clear to a reviewing Court or to the Bureau of Prisons how this Court has viewed the facts."

Having decided not to consider the murder, Judge Clevert sentenced Cubie at the bottom of the guidelines range: 235 months for the conspiracy count and the consecutive mandatory minimum of 60 months for the firearm count. Despite Judge Clevert's assurances, though, the judgment, the minute order, and the Statement of Reasons did not mention that the court disregarded Benion's murder in its consideration of the § 3553(a) factors—they each said, in some form, only that the judge did not use the murder in calculating the offense level under the guidelines.

Over eight years after judgment was entered, Cubie moved, pro se, for amendment of the judgment under Federal Rule of Criminal Procedure 36 to correct "a

clerical error, specifically, an omission." He argued that because a "sentencing factor" for § 3553(a) purposes is not synonymous with "offense level," the Statement of Reasons was incomplete. Judge Pepper, to whom the case had been reassigned in 2015, denied the motion because the record—including the sentencing hearing transcript, the Statement of Reasons, and the PSR—was "accurate and complete" and thus there was no clerical error to correct. She also concluded that the terminology that Cubie challenged as incomplete encapsulated the concept that Judge Clevert did not use the murder as a "sentencing factor."

Rule 36 allows a court, at any time, to correct "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A clerical error is "a gaffe in transcribing or putting a judicial decision on the docket." *United States v. Newman*, 794 F.3d 784, 786 (7th Cir. 2015); *see also United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (noting that Rule 36 "does not apply to errors made by the court itself"). Cubie would have us review the denial of his motion de novo, because it pertains to a perceived conflict between the oral and written judgments. *See United States v. Orozco-Sanchez*, 814 F.3d 844, 847 (7th Cir. 2016). And of course that would be the standard on a direct appeal of his sentence. But we review the denial of a motion to amend the judgment under Rule 36 for abuse of discretion. *United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir. 1982).

To support his argument that a correction of the record is called for, Cubie relies on cases in which correction under Rule 36 was warranted because of an inconsistency resulting in a material error in the written judgment. *See United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015) (correcting a judgment improperly stating sentence was consecutive); *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009) (affirming judgment corrected to include forfeiture on which all parties agreed); *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005) (correcting special condition of supervised release). *But see United States v. Bonanno*, 146 F.3d 502, 512 (7th Cir. 1998) (declining to correct "trivial" four dollar discrepancy in restitution payment plan).

In contrast, there is no inconsistency here between the orally pronounced sentence and the written judgment and its attached Statement of Reasons: the judgment accurately reflects the crimes of conviction and the sentence, and the Statement of Reasons correctly notes that the Benion murder did not influence the guidelines calculation. True, Judge Clevert also stated he was not considering Benion's murder as a sentencing factor, and we agree with Cubie that there is a distinction (which perhaps

the district court glossed over in its order denying his motion) between using facts to calculate an offense level and considering them in fashioning a reasonable sentence under § 3553(a). Here, the Benion homicide could not change the offense-level calculation, but it could have justified imposing a higher sentence within the guidelines range or even varying above the guidelines recommendation. So the judgment, the Statement of Reasons, and the minute order all could have been more precise about how Judge Clevert treated the Benion murder. But it does not follow that there is a meaningful discrepancy between the orally pronounced *sentence* and the written description of Judge Clevert's reasoning.

Cubie has not shown that he is entitled to have the omitted language memorialized in the judgment order when it had no impact on his sentence. *See United States v. McHugh*, 528 F.3d 538, 541 (7th Cir. 2008) (explaining that amending another judge's statement of reasons while leaving sentence untouched is akin to an advisory opinion). In neither his motion before the district court nor his brief on appeal has he asserted any harm or prejudice from the omission. *See* FED. R. CRIM. P. 52 ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Judge Clevert clearly and repeatedly stated in the sentencing hearing the Benion murder would have no bearing on Cubie's sentence. The record as a whole is clear, and it would be an exercise in triviality to require the district court to belabor that point in writing all these years later.

Accordingly, we AFFIRM the order of the district court.