**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2017[*]
Decided December 18, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1751

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:04-cr-40080-JBM-JAG-1 |
| JOHNNY J. DESILVA, JR., *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Johnny Joe DeSilva was convicted on five counts, including conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, which is the subject of this appeal. He was sentenced to an aggregate sentence of 480 months in prison, composed of concurrent sentences of 360, 36, and 240 months, and a consecutive sentence of 120 months. DeSilva filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence in light of Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to drug

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. 34(a)(2)(c).

quantities and is applicable retroactively. See U.S.S.G. app C., amend. 782, p. 65 (2014). His motion addressed the sentence of 360 months for the conspiracy to distribute conviction. Amendment 782 reduced his offense level from 40 to 38, and altered his Guidelines range from 360 months to life to a range of 292 to 365 months on that count. Pursuant to § 3582(c)(2), a district court may, in its discretion, reduce the sentence based on that lowered sentencing range, after first considering the factors set forth in § 3553(a) and only "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *United States v. Phelps*, 823 F.3d 1084, 1087 (7th Cir. 2016).

The district court initially had sentenced DeSilva to the lowest end of the 360 to life range. After two arguments by counsel and an evidentiary hearing, the district court determined that a reduction was appropriate, but chose not to impose a sentence at the lowest end of the new range, determining that the equivalent of a one-level rather than a two-level offense level reduction was appropriate, and sentencing DeSilva to 324 months imprisonment on the conspiracy to distribute a controlled substance conviction. The court based that determination largely on its conclusion that DeSilva's post-incarceration conduct was positive and weighed in favor of a reduction, but that his continued membership and influential role in the Latin Kings rendered an earlier release a risk to public safety and weighed against a reduced sentence. Both of those factors are explicitly identified as proper considerations in determining the sentence. U.S.S.G. § 1B1.10, Application Note 1(B)(ii) & (iii). DeSilva now appeals that determination.

The decision whether to reduce a sentence under § 3582(c)(2), and by how much, rests within the sound discretion of the district court, and will be reversed only if the court abused that discretion. DeSilva argues that the district court failed to apply those § 3553(a) factors, and that the court improperly punished him for his association with the Latin Kings, in violation of his right of association under the Constitution.

We have repeatedly recognized that in considering whether to reduce a sentence under § 3582(c)(2), "the court must determine the extent of the reduction, if any, by considering the factors listed in 18 U.S.C. § 3553(a), the movant's conduct while imprisoned, and the risk his early release would pose to public safety." *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009), quoting *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009). The district court properly considered all of those factors. The court focused extensively on DeSilva's conduct in prison, agreeing that it was a factor in favor of reducing the sentence. The court held, however, that DeSilva's continued association with the Latin Kings cautioned against a reduction, because his early release would

pose a threat to public safety. DeSilva argues that it violates his right of association to hold against him his mere association with others, noting that the Supreme Court has recognized that association with others is protected unless it is for unlawful purposes.

But that argument is unavailing, not least of all because the association with the Latin Kings was never an association for solely lawful purposes. The evidence relied upon by the district court was that DeSilva was the founder of the East Moline Latin Kings chapter, and after serving a term of imprisonment, he left prison with a higher rank in the Latin Kings than he had when he entered prison, having been elevated to regional enforcer. In that role, he was the highest ranking member of the Latin Kings in the Quad Cities area, responsible for security for the entire region, and repeatedly directed others to engage in violent crimes. For instance, on a number of occasions, he directed other members of the Latin Kings to shoot at rival gang members. DeSilva did not himself fire at the rival members, instead commanding others to do so. In that context, his clear record in prison could not be assumed to reflect a change of heart, as opposed to a reflection of his propensity to engage in violent conduct through others rather than by his own hands. Moreover, as noted above, his prior term of imprisonment did not diminish that criminal association; he departed with a higher rank and more power in the gang than when he entered. The district court did not abuse its discretion in concluding that DeSilva's continued association with the Latin Kings in prison demonstrated that his release could pose an ongoing threat to the public safety.

The only remaining argument by DeSilva is that the district court failed to consider the § 3553(a) factors in determining whether to reduce his sentence. We have recognized that "the district court need not provide a detailed, written explanation analyzing every § 3553(a) factor." *Marion*, 590 F.3d at 477. A review of the district court's order reveals that the court in fact was aware of and considered those factors. In the argument before the court, defense counsel explicitly discussed § 3553(a) and argued that the factors, including deterrence and the promotion of respect for the law, reflect the notion that no person is beyond redemption. Defense counsel then focused on the exemplary conduct of DeSilva as a prisoner, and requested a reduction in the sentence on that basis. In response, the government discussed the nature and seriousness of the crime, and the threat to public safety. The court addressed those arguments, agreeing both that his exemplary conduct favored a sentence reduction, and that he posed an ongoing threat to public safety. The court also recognized the serious and violent nature of the conduct of conviction. Accordingly, the record reveals that the

district court properly addressed the appropriate factors in reaching its sentencing determination.

The decision of the district court is AFFIRMED.